Eli Abolafia v. Commissioner. Norman Ochs and Betty Ochs v. Commissioner.
Abolafia v. Commissioner
Docket Nos. 2005-64, 2014-64.
United States Tax Court
T.C. Memo 1966-56; 1966 Tax Ct. Memo LEXIS 226; 25 T.C.M. (CCH) 316; T.C.M. (RIA) 66056; March 17, 1966
Leonard J. Fassler, 33 West 42nd St., New York, N. Y., for the petitioner in Docket No. 2005-64. Harry Seiden, for the petitioners in Docket No. 2014-64. Paul H. Frankel and Eugene L. Wilpon, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: The cases have been consolidated for trial. The respondent has determined deficiencies in the income tax of the petitioners for the year 1959 in the following amounts: Docket
Defi-
No.
Petitioner
ciency
2005-64
Eli Abolafia
$264.00
2014-64
Norman and Betty Ochs
354.77
Some of the respondent's adjustments in each docket number are uncontested. The remaining issue, common to both dockets, is whether the petitioner Eli Abolafia or the petitioners Norman and Betty Ochs are entitled *227 to dependency exemptions for Joseph and for Elisa Abolafia. A second issue, dependent on our resolution of the first, concerns the right of petitioners Norman and Betty Ochs to claimed deductions of $206.25 as to each child for child care expenses under section 214 of the Internal Revenue Code of 1954. [1]
Petitioner Eli Abolafia (hereinafter sometimes referred to as Eli) is an individual residing at 305 East 72 Street, New York, New York. He filed an individual income tax return for 1959 with the district director of internal revenue, Manhattan, New York. Petitioners Norman Ochs and Betty Ochs (hereinafter sometimes referred to as Norman and Betty) are *228 husband and wife, and they reside at 80 Woodbine Avenue, Merrick, Long Island, New York. They filed a joint return for 1959 with the district director of internal revenue, Manhattan, New York. Elisa Abolafia and Joseph Abolafia (hereinafter referred to as Elisa and Joseph) are children of the marriage of Eli and Betty who were divorced in 1957. Betty and Norman were married on August 30, 1959. Elisa and Joseph were five and three years old respectively during 1959. Eli claimed exemptions for both children on his 1959 return, as did Norman and Betty on their 1959 joint return. Norman and Betty also claimed a total deduction of $412.50 for child care expenses. Pursuant to a separation agreement dated May 3, 1957, Eli paid Betty $1,200 during 1959 for the support of Elisa and Joseph. This amount was paid at the rate of $50 per month for each child. During 1959 Eli also maintained a family Blue Cross hospital insurance policy, as was required by the terms of the separation agreement. The cost of the entire policy was $120, and the part allocable to the support of each child was $40. The children resided with Betty for the first eight months of 1959 in a two and one-half room apartment *229 in Far Rockaway, New York. The rent was $90.50 per month and the portion fairly allocable to the support of each child was $241. After her marriage on August 30 to Norman, Betty and the children moved to Long Beach, New York and lived there in a house with Norman for the rest of the year. The rent on this house was $110 per month and the portion fairly allocable to the support of each child for this 4-month period was $110. Until she married Norman on August 30, 1959, Betty was gainfully employed. This required her to send the children to a nursery school and the expense of this, paid by her in 1959, was $206.25 as to each child. Neither Eli nor Betty kept any records of the amounts claimed by each to have been spent for the support of the children, over and above the amounts detailed above. Both testified at great length and in exaggerated detail and amounts as to such expenditures. We do not wholly believe either Eli or Betty as to the totals of such claimed expenditures, but we are convinced that the entire support of each child for the year in issue was paid for by them. We have spent considerable time evaluating the above claims of the parents, and have finally concluded *230 that in 1959 Joseph's support cost $1,610, paid $820 by Eli and $790 by Betty; and that Elisa's support cost $1,670, paid $820 by Eli and $850 by Betty. Joseph was taken to the barber more often than Elisa, but being younger he was not required to pay any bus fare journeying to the nursery school. Elisa did have to pay bus fare, and in addition, she required expensive corrective shoes. Respondent would have us deny the claimed dependency exemptions of both Eliand Betty on the theory that a large part of the support of each child was paid by Betty's parents. We consider this an extremely unfair evaluation of Betty's testimony, and have found otherwise. It follows from the above that Eli was entitled to claim Joseph as an exemption while Betty and Norman were entitled to claim Elisa. (Section 151 of the Internal Revenue Code of 1954). It also follows that Betty and Norman are entitled to the child care deduction for Elisa only. (Section 214, supra). Decisions will be entered under Rule 50. Footnotes
1. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman * * * for the care of one or more dependents (as defined in subsection (d)(1), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. * * *
(d)(1) DEPENDENT - The term "dependent" means a person with respect to whom the taxpayer is entitled to an exemption under section 151(e)(1)↩ -